UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61588-CIV-HUCK/O'SULLIVAN

LAVERN DEER,

    Plaintiff,

v.

SALTZMAN, TANIS, PITTELL,
LEVIN & JACOBSON, INC., a
Florida for Profit Corporation d/b/a
PEDIATRIC ASSOCIATIONS and
RICHARD BENNET, D.O., individually,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on the Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15, 12/10/10). This matter was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully considered the filings and applicable law, the undersigned recommends that the Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15, 12/10/10) **GRANTED in part and DENIED in part**[1] in accordance with this Report and Recommendation.

---

[1] In their reply, the defendants also moved to strike the plaintiff's response to the instant motion. The motion to strike was denied on January 10, 2011. See Order (DE# 25, 1/10/11). Accordingly, the undersigned will consider the plaintiff's response in this Report and Recommendation.

## INTRODUCTION

On November 8, 2010, the plaintiff filed Plaintiff's Second Amended Complaint Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)[,] et seq. (DE# 12, 11/8/10) (hereinafter "Second Amended Complaint"). The Second Amended Complaint alleged race discrimination in violation of Title VII (Count I), retaliation under Title VII (Count II) and intentional infliction of emotional distress (Count III) by defendant Richard Bennett. The defendants moved to dismiss the Second Amended Complaint. See Defendant[s'] Motion to Dismiss Plaintiff's Second Amended Complaint with Incorporated Memorandum of Law (DE# 13, 11/18/10). On December 12, 2010, the plaintiff filed Plaintiff's Motion to Voluntarily Dismiss Count III of Her Second Amended Complaint Pursuant to F[ed]. R. Civ. P[.] 41(a)(2) (DE# 17, 12/13/10). On December 14, 2010, the Court issued an Order granting the plaintiff's motion and dismissing Count III of the Second Amended Complaint. See Order Dismissing Count III of Plaintiff's Second Amended Complaint (DE# 18, 12/14/10). On December 21, 2010, the Court entered an Order granting the plaintiff leave to amend her Second Amended Complaint and denied the defendants' motion to dismiss as moot. See Order Granting Motion for Leave to Amend Complaint and Denying Motion to Dismiss as Moot (DE# 22, 12/22/10).[2] On February 10, 2011, the plaintiff filed Plaintiff's Third Amended Complaint Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)[,] et seq.; 42

---

[2] The defendants' motion to amend the Court's Order (DE# 22) and dismiss the Second Amended Complaint with prejudice was denied. See Order Denying Defendant[s'] Motion to Alter or Amend Order and to Dismiss Plaintiff's Second Amended Complaint with Prejudice and to Close Case (DE# 29, 2/2/11).

U.S.C. § 1981 (DE# 30, 2/10/11) (hereinafter "Third Amended Complaint"). The Third Amended Complaint alleged race discrimination in violation of Title VII (Count I) and retaliation under Title VII (Count II). The Third Amended Complaint did not include a claim for intentional infliction of emotional distress.

On December 10, 2010, the defendants filed the instant motion for sanctions under Fed. R. Civ. P. 11 based on the plaintiff's filing of the Second Amended Complaint. See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15, 12/10/10). The plaintiff filed her response on December 30, 2010. See Plaintiff's Response to Defendant[s'] Motion for Rule 11 Sanctions (DE# 23, 12/30/10). The defendants filed their reply on January 9, 2011. See Defendants' Motion to Strike or, in the Alternative, Defendants' Reply to Plaintiff's Response to Defendant[s'] Motion for Rule 11 Sanctions (DE# 24, 1/9/11) (hereinafter "Defendants' Reply").

## STANDARD OF REVIEW

The defendants seek sanctions against the plaintiff and her attorney under Rule 11 of the Federal Rules of Civil Procedure for filing the Second Amended Complaint. See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15, 12/10/10). The defendants do not disclose what subsection of Rule 11 they are proceeding under. Rule 11(b) states as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001).

"Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x. 601, 608 (11th Cir. 2008) (citing Fed. R. Civ. P. 11(c)). "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." Id. (citing Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)).

## ANALYSIS

**1.      Service of the Rule 11 Motion**

As an initial matter, the plaintiff argues that the defendants have failed to comply with Rule 11's safe harbor provision. Rule 11 requires that the movant serve a copy of the Rule 11 motion on the opposing party and wait 21 days before filing the motion with the Court. Fed. R. Civ. P. 11(c)(2). The purpose of the safe harbor provision is to give the opposing party an opportunity to retract or cure the offending document.

The plaintiff does not argue that she did not receive a copy of the defendants' Rule 11 motion, at least 21 days prior to the date it was filed with the Court. Rather, the plaintiff takes issue with the method of service employed by the defendants. Rule 11 provides that service of the Rule 11 motion must be made pursuant to Fed. R. Civ. P. 5. See Fed. R. Civ. P. 11(c)(2). Rule 5(b)(2) states as follows:

> **(2) *Service in General.*** A paper is served under this rule by:
>
> (A) handing it to the person;
>
> (B) leaving it:
>
>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>>
>> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
>
> (D) leaving it with the court clerk if the person has no known address;
>
> **(E) sending it by electronic means if the person consented in writing-**

> **-in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served;** or
>
> **(F) delivering it by any other means that the person consented to in writing**--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2) (emphasis added). The plaintiff argues that service of the defendants' motion was deficient because the defendants provided the plaintiff with a copy of the motion by fax and email and the plaintiff never consented, in writing, to receiving service in this manner. See Plaintiff's Response to Defendant[s'] Motion for Rule 11 Sanctions (DE# 23 at 1, 12/30/10). The defendants maintain that the plaintiff's argument is "disingenuous and unfounded" because the plaintiff's counsel has "express[ly] consent[ed]" to receive service of all CM/ECF filings by email. See Defendants' Reply (DE# 24 at 1 n.1, 1/9/11). Neither party provides the Court with case law supporting their respective positions on the proper method of service of a Rule 11 motion. The undersigned finds that the defendants have complied with Rule 5, by serving the Rule 11 motion by email on the plaintiff's counsel, 23 days prior to filing the motion. The plaintiff's counsel is a member of the bar of this Court and, as such, has agreed to receive service by email of CM/ECF filings. As part of the CM/ECF registration process, the plaintiff's counsel was required to agree to the following:

> 4. <u>Each attorney desiring to file pleadings or other papers electronically must complete and sign an Attorney Restigration Form</u>. Registration as a Filing User constitutes: (1) consent to receive notice electronically and **waiver of the right to receive notice by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D);** (2) consent to electronic service and waiver of the right to service by personal service or first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), except with regard to service of a summons and complaint. Waiver of service and

6

> notice by first class mail applies to notice of the entry of an order or judgment. Notice by electronic means is complete as set forth in this Court's Administrative Procedures, which are available on our website at www.flsd.uscourts.gov.

ECF Attorney Registration, p. 5 (emphasis added). Therefore, the undersigned finds that service of the Rule 11 motion on the plaintiff's attorney via email was proper in this case.

**2.      Motion for Rule 11 Sanctions**

   **a.      Entitlement**

The defendants seek Rule 11 sanctions against the plaintiff and her counsel based on the plaintiff's filing of the Second Amended Complaint. See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 3, 12/10/10). The Eleventh Circuit has determined that three types of conduct warrant Rule 11 sanctions: when a party files a paper with no "reasonable factual basis" (Rule 11(b)(3)), files a paper based on a legal theory with "no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law" (Rule 11(b)(2)) or files a paper in "bad faith for an improper purpose" (Rule 11(b)(1)). Didie v. Howes, 988 F.2d at 1104 (quoting Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.1991)). The defendants do not identify which particular subsection (or subsections) of Rule 11 they contend was violated by the plaintiff's filing of the Second Amended Complaint. As such, the undersigned must make this determination for them.

The defendants maintain that the Second Amended Complaint is frivolous as follows:

> The frivolous aspects of the Second Amended Complaint include the

7

> following: 1) DEER's EEOC Charge of Discrimination, which she
> conspicuously failed to attach to the complaint, never included *any*
> allegations of disparate treatment on the grounds of discipline, selective
> enforcement of policies or performance, but was instead limited to a
> failure to promote and a hostile work environment arising from the failure
> to promote; 2) DEER wholly fails to make sufficient allegations to state a
> claim for hostile work environment; and 3) DEER fails to allege
> sufficient facts to state a claim against BENNETT for intentional infliction
> of emotional distress.

Id. at 3-4 (emphasis in original). Rule 11(b)(2) requires that "claims . . . [be] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Presumably, the plaintiff's failure to make certain factual allegations in her Second Amended Complaint or her assertion of factual allegations that exceed the scope of her EEOC charge render her claims against the defendants frivolous. Thus, it appears to the undersigned that the defendants are seeking sanctions under Rule 11(b)(2).

The undersigned does not believe Rule 11(b)(3) is triggered by the arguments raised in the instant motion. The defendants' arguments stem, in part, from the plaintiff's failure to make certain factual allegations. This is the opposite of a Rule 11(b)(3) violation which would include making factual contentions that have no evidentiary support. Fed. R. Civ. P. 11(b)(3).[3] The defendants' "failure to state a claim" arguments are more akin to a Rule 12(b)(6) motion to dismiss. This is not surprising

---

[3] The defendants do summarily state that: "[the plaintiff] added **allegations to her Title VII claim that are not only factually unsupported** but were also nowhere to be found in her Charge of Discrimination filed with the [EEOC]." See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 3, 12/10/10) (emphasis added). The defendants do not expand on this "unsupported facts" argument. The undersigned finds that this isolated statement is insufficient to conclude that the defendants seek sanctions pursuant to Fed. R. Civ. P. 11(b)(3).

since the instant Rule 11 motion closely tracks the Defendant[s'] Motion to Dismiss Plaintiff's Second Amended Complaint with Incorporated Memorandum of Law (DE# 13, 11/18/10). The undersigned's difficulty in determining which subsection of Rule 11 the defendants seek to invoke illustrates one of the perils of haphazardly converting a Rule 12(b)(6) motion to dismiss into a Rule 11 motion. See also In re Miller, No. 10-12085, 2011 WL 476599, at *3 (11th Cir. Feb. 10, 2011) (observing that "motions to dismiss and motions for sanctions serve different purposes and are governed by different standards" and noting that "many arguments which might support a motion to dismiss would fail to provide a sufficient basis for a motion for sanctions."). To the extent the defendants are seeking sanctions under the remaining Rule 11(b) provisions, there is no support on this record for sanctions under Rule 11(b)(1) or (b)(4).

Having determined that the defendants are proceeding under Rule 11(b)(2), the undersigned RECOMMENDS that the defendant's request for sanctions against the plaintiff, individually,[4] be **DENIED**. Rule 11(c)(5)(A) states that monetary sanctions[5] are not available "against a represented party for violating Rule 11(b)(2)." Thus, if the defendants prevailed on their motion, they are entitled to monetary sanctions only against the plaintiff's counsel. The undersigned will address the merits of the defendants' Rule 11 motion below.

---

[4] The defendants seek sanctions against both the plaintiff and her counsel.

[5] A sanction under Rule 11 may include "nonmonetary directives." Fed. R. Civ. P. 11(c)(4). The defendants do not identify the nature of the sanctions they seek. Thus, the undersigned will assume that the defendants are seeking monetary sanctions.

**1.     Race Discrimination (Count I) and Retaliation (Count II) Claims**

The defendants' first argument is that Counts I and II of the Second Amended Complaint exceed the scope of the EEOC charge. See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 4, 12/10/10). Specifically, the defendants argue that the plaintiff "simply d[id] not present the EEOC with any information to suggest that its investigation should [have] include[d] disparate treatment in disciplinary actions, performance reviews or the selective enforcement of policies." Id. (emphasis omitted). The plaintiff does not argue that all of her Title VII claims can reasonably be expected to grow out of the EEOC charge. See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (stating that "we have held that a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." ) (quotation marks and citation omitted) (per curiam). Rather, the plaintiff maintains that the defendants' claims for Rule 11 sanctions are premature because she moved for leave of court to file a Third Amended Complaint:

> since [the plaintiff] could not otherwise correct any alleged violations without permission from this Court to amend, this Court should find that [the plaintiff]'s request for leave to amend acted as an effort on her part to correct any possible violation brought forth by PEDIATRIC ASSOCIATES in its notice of intent to file for Rule 11 sanctions.

Plaintiff's Response to Defendant[s'] Motion for Rule 11 Sanctions (DE# 23 at 5-6, 12/30/10).

The defendants' certificate of service indicates that they served the plaintiff with a copy of the instant motion on November 17, 2010. See Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 11, 12/10/10). On

December 8, 2010, the plaintiff filed a response to the defendant's motion to dismiss which included, in the alternative, a motion for leave to amend the Second Amended Complaint. See Plaintiff's Response to Defendants' Motion to Dismiss (DE 13) and Alternative Motion for Leave to Amend (DE# 14, 12/8/10). The defendants filed the instant motion for Rule 11 sanctions two days later on December 10, 2010.

Upon closer examination, the plaintiff's alternative motion for leave to amend (DE# 14) only sought to amend the Second Amended Complaint **if the Court found merit in the defendant's motion to dismiss**. See Plaintiff's Response to Defendants' Motion to Dismiss (DE 13) and Alternative Motion for Leave to Amend (DE# 14 at 7, 12/8/10) (requesting that the "[p]laintiff be granted leave to amend any and all portions of her complaint where this Court finds Defendants' argument to have merit."). In fact, five days later, when the plaintiff moved to voluntarily dismiss Count III of the Amended Complaint, she specifically stated: "[t]his voluntary dismissal is strictly for Count III of the Second Amended Complaint alone; thereby dismissing the [intentional infliction of emotional distress] complaint against BENNETT. **DEER continues her litigation of Counts I and II against PEDIATRIC ASSOCIATES**." Plaintiff's Motion to Voluntarily Dismiss Count III of Her Second Amended Complaint Pursuant to F[ed]. R. Civ. P[.] 41(a)(2) (DE# 17 at 2, 12/13/10) (emphasis added). Thus, the plaintiff did not take corrective action with respect to Counts I and II of the Second Amended Complaint prior to the defendants filing the instant motion for Rule 11 sanctions and cannot avail herself of Rule 11's safe harbor provision.

The undersigned finds that the plaintiff failed to timely take corrective action as to

11

Counts I and II of the Second Amended Complaint. The plaintiff does not dispute that some of her claims in Count I and II exceed the scope of the EEOC charge. Accordingly, sanctions under Rule 11(b)(2) are warranted. The undersigned recommends that the defendants' request for Rule 11 sanctions as to Counts I and II be **GRANTED** as to the plaintiff's counsel only. See Fed. R. Civ. P. 11(c)(5)(A) (stating that monetary sanctions are not available "against a represented party for violating Rule 11(b)(2)").

### 2. Hostile Work Environment Claims

Next, the defendants argue that plaintiff's hostile work environment claims in Count I and II are frivolous because the plaintiff has failed to allege sufficient facts to support that claim. Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 6, 12/10/10). The plaintiff responds that she did not plead a hostile work environment claim in her Second Amended Complaint. See Plaintiff's Response to Defendant[s'] Motion for Rule 11 Sanctions (DE# 23 at 2, 12/30/10). The plaintiff states that she "is not seeking recovery on a theory of Hostile Work Environment and any use of the term — hostile should be found to be mere wordage and not intended to create a separate claim or mislead, infer, or allege a claim which [the plaintiff] could not otherwise prove standing alone." Id. Because the plaintiff is not asserting a hostile work environment claim against the defendants, the undersigned recommends that the defendants' request for sanctions on this ground be **DENIED**.

### 3. Intentional Infliction of Emotional Distress (Count III)

Lastly, the defendants argue that the plaintiff fails to allege sufficient facts to support her claim for intentional infliction of emotional distress. Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15 at 8, 12/10/10). This claim has been voluntarily dismissed from the Second Amended Complaint and was not reasserted by the plaintiff in her Third Amended Complaint. See Order Dismissing Count III of Plaintiff's Second Amended Complaint (DE# 18, 12/14/10); Third Amended Complaint (DE# 30, 2/10/11). The record shows that the plaintiff sought to withdraw the Intentional Infliction of Emotional Distress Claim two days prior to the filing of the instant motion. See Plaintiff's Response to Defendants' Motion to Dismiss (DE 13) and Alternative Motion for Leave to Amend (DE# 14 at 16, 12/8/10) (stating that "Plaintiff hereby voluntarily dismisses the Count III . . . in her complaint."). The plaintiff later filed a separate motion to withdraw Count III. See Plaintiff's Motion to Voluntarily Dismiss Count III of Her Second Amended Complaint Pursuant to F[ed]. R. Civ. P[.] 41(a)(2) (DE# 17, 12/13/10). Because the plaintiff took corrective action (DE# 14) two days prior to the filing of the instant motion, the undersigned respectfully recommends that the defendants' request for Rule 11 sanctions as to Count III of the Second Amended Complaint be **DENIED**. See Sure Fill & Seal, Inc. v. GFF, Inc., No. 8:08-CV-882-T-17TGW, 2010 WL 3063287, at *9 (M.D. Fla. July 06, 2010) (denying motion for Rule 11 sanctions and noting that "it is axiomatic that, under Rule 11, 'a party will not be subject to sanctions on the basis of another party's motion unless . . . it refuses to withdraw that position . . . .'") (quoting Fed. R. Civ. P. 11), aff'd, 2011 WL 264364 (11th Cir. Jan. 28,

2011) (per curiam).

      **b.    Amount**

The defendants do not indicate the amount of attorney's fees they seek to recover as sanctions. Rule 11 provides that:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). The undersigned has reviewed the instant motion and the Defendant[s'] Motion to Dismiss Plaintiff's Second Amended Complaint with Incorporated Memorandum of Law (DE# 13, 11/18/10) and finds that a sanction in the amount of **$900.00** (3 hours at $300.00) against the plaintiff's counsel is reasonable under the circumstances of this case. The undersigned finds that sanctions are warranted for only a portion of the allegations in Counts I and II of the Second Amended Complaint – only those allegations that fall outside the scope of the EEOC charge. Although the defendants' counsel does not disclose his hourly rate or the amount of time he spent responding to the allegations that were outside the EEOC charge, the undersigned finds that holding a formal evidentiary hearing to determine the actual amount of sanctions to award the defendants would be a waste of judicial resources in this case. Here, the defendants prevailed in only a small portion of their Rule 11 motion, the undersigned has reviewed the pleadings filed in this case and determined that three hours is an appropriate amount of time to compensate the

defendants for "reasonable attorney's fees . . . directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).  Accordingly, the undersigned recommends that the defendants be awarded **$900.00** (3 hours at $300.00) in attorney's fees against the plaintiff's counsel.

## CONCLUSION

The defendants are entitled to monetary sanctions in the amount of **$900.00** against the plaintiff's counsel based on the assertion of allegations that exceed the scope of the EEOC charge in Counts I and II of the Second Amended Complaint. The defendants have failed to show that they are entitled to sanctions with respect to the alleged assertion of a hostile work environment claim or the intentional infliction of emotional distress claim (Count III).

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Defendant[s'] Motion for Rule 11 Sanctions and Incorporated Memorandum of Law (DE# 15, 12/10/10) be **GRANTED in part and DENIED in part**. The undersigned further recommends that the Court award the defendants $900.00 against the plaintiff's counsel as fair and reasonable attorney's fees directly resulting from the Rule 11(b)(2) violation in this case.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); see also Resolution

Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **1st** day of April, 2011.

                                              _____
                                              JOHN J. O'SULLIVAN
                                              UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All counsel on record