UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61588-CIV-HUCK/BANDSTRA

LAVERN DEER,

    Plaintiff,

v.

SALTZMAN, TANIS, PITTELL, LEVIN &
JACOBSON, INC., d/b/a PEDIATRIC
ASSOCIATES,

    Defendant.
_____/

### ORDER ON MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (D.E. #74), filed July 18, 2011. Plaintiff contends that this Court's July 8, 2011 Order Granting Defendant's Motion for Summary Judgment was premature because she is still in the midst of conducting discovery. Accordingly, Plaintiff requests that the Court grant her Motion for Reconsideration and enter an order vacating the July 8, 2011 Order and subsequent final judgment entered in favor of Defendant. Because Plaintiff fails to demonstrate that reconsideration is justified, Plaintiff's Motion is DENIED.

While Rule 59(e) itself does not specify any particular reason for which reconsideration is warranted, courts have delineated three major grounds upon which reconsideration is appropriate: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (citing *Sussman*, 153 F.R.D. at 694).

Plaintiff fails to establish a basis for reconsideration on any of the three grounds set forth above.[1] There is no indication that there has been a change in controlling law. Nor is reconsideration warranted on the basis of newly-available evidence. Evidence does not become "newly available" simply because Plaintiff did not uncover it until after the Court ruled on Defendant's Motion for Summary Judgement. Rather, for the Court to grant Plaintiff's Motion for Reconsideration based on the availability of new evidence, Plaintiff must not only show that such evidence was newly discovered or unknown to her until after the Court granted summary judgment, but also that Plaintiff could not, with reasonable diligence, have discovered and produced such evidence prior to the Court's ruling. *See Equity Inv. Partners, LP v. Lenz*, No. 08-60630-CIV-ALTONAGA, 2009 WL 1654531, at *4 (S.D. Fla. Mar. 26, 2009); *see also Michael Linet, Inc. v. Vill of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (noting that parties cannot use Rule 59(e) to "raise argument or present evidence that could have been raised prior to the entry of judgment").

Here, Plaintiff does not actually submit any new evidence in conjunction with her Motion for Reconsideration. Plaintiff merely argues that she is in the process of obtaining evidence that would meet her burden of proof or create a genuine issue of material fact. Even assuming such evidence exists, however, there is no indication—and Plaintiff does not contend—that this evidence was unavailable prior to the Court's ruling on Defendant's Motion for Summary Judgment. Plaintiff simply failed to seek out such evidence. Accordingly, reconsideration is not warranted on this ground.

Furthermore, no clear error or manifest injustice has occurred in this case. Plaintiff filed this action nearly one year ago, on August 29, 2010, and, as noted in the Court's Order Granting Defendant's Motion for Summary Judgment, Plaintiff has had ample time to conduct discovery. Yet, there is no indication that Plaintiff attempted to investigate her claims in the nearly eight months between the time the original complaint was filed and the time Defendant moved for summary judgment. Nor did Plaintiff take discovery prior to filing her Response in Opposition to Defendant's Motion for Summary Judgment (D.E. #56). And, while Plaintiff stated in her Response in Opposition that "it is her good faith belief that the R.N. requirement was not in effect at the time she

---

[1] Plaintiff neither identifies the three grounds upon which reconsideration is justified nor specifies the ground upon which her Motion for Reconsideration is based.

applied for the position" and that she "intends through further discovery to determine if this requirement was in fact in place," Plaintiff did not, in the two months between filing her Response in Opposition and the Court's grant of summary judgment, submit any evidence to support this belief and refute the arguments made by Defendant.

Additionally, Plaintiff never filed a motion requesting that this Court defer the time to respond to, or defer ruling on, Defendant's Motion for Summary Judgment, as is allowed by Federal Rule of Civil Procedure 56(d).[2]  Plaintiff simply filed her Response in Opposition.  Furthermore, at the June 3, 2011 hearing on Defendant's Motion to Strike Plaintiff's Response and Accompanying Affidavit to Defendant's Motion for Summary Judgment (D.E. #59), the Court stated that it was prepared to proceed on the ripe Motion for Summary Judgment.  Yet, Plaintiff still did not file any document asking the Court to delay its ruling.  Plaintiff cannot now contend that the Court prematurely granted summary judgment when Plaintiff failed to take the proper measures to ensure that the Court would not promptly rule on the motion pending before it.

Finally, Plaintiff's argument that summary judgment was premature because the time for discovery had not yet lapsed misses the mark.  "The district court is not required to await the completion of discovery before ruling on a motion for summary judgment." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990).  This Court must only "ensure that the parties have an adequate opportunity for discovery." *Id.* (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  As noted above, Plaintiff had ample opportunity to seek discovery prior to the Court's ruling on summary judgment; Plaintiff simply did not take advantage of the discovery methods available to her.[3]  Moreover, the discovery period remained open at the time the Court

---

[2] Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

[3] Even now, in her Motion for Reconsideration, Plaintiff continues to claim that she "intends" to engage in discovery processes.  Plaintiff, however, has yet to submit anything to this Court demonstrating that its grant of summary judgment was inappropriate or incorrect.

granted summary judgment only because the Court reset the trial date in this case to coincide with the trial dates of four other related cases presently pending against Defendant.  Because the pretrial deadlines, including the discovery cutoff, are based on the trial date itself, the discovery deadline changed when the Court reset the trial date.[4]  This, however, does not change the fact that Plaintiff failed to pursue her discovery options in the nearly eight months prior to—or four months since—Defendant filed its Motion for Summary Judgment.

Plaintiff's inability to sufficiently oppose Defendant's Motion for Summary Judgment stems from her own failure to timely and diligently prosecute her claims.  She cannot now complain that the Court deprived her of an adequate opportunity to conduct discovery in an attempt to remedy such failures.  Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, August 15, 2011.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

---

[4] The Court notes that Defendant filed its Motion for Summary Judgment on the last day allowed by the original scheduling order, which was still in effect at that time.  Even if the trial date had not been moved, however, the Court's scheduling order provides an additional thirty days for Plaintiff to take discovery after the deadline for filing dispositive motions has passed specifically "so that a party opposing summary judgment may take additional discovery necessary to RESPOND to the motion."  Order Setting Civil Jury Trial Date and Pretrial Schedule (D.E. #11) at 4 n.1 (emphasis in original).  Yet, as noted above, Plaintiff did not take any discovery between the time Defendant filed its Motion for Summary Judgment and the time Plaintiff filed her Response in Opposition, even though Defendant's Motion clearly advised Plaintiff of its arguments and evidence in support of summary judgment.