UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61588-CIV-HUCK/BANDSTRA

LAVERN DEER, an individual,

    Plaintiff,

vs.

SALTZMAN, TANIS, PITTELL,
LEVIN & JACOBSON, INC.,
a Florida Profit Corporation
d/b/a PEDIATRIC ASSOCIATES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion for Attorneys' Fees and Costs (D.E. 79) filed on August 24, 2011; and (2) Defendant's Verified Motion to Tax Costs (D.E. 76) filed on August 5, 2011. On August 26, 2011, this matter was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Paul C. Huck for appropriate resolution pursuant to 28 U.S.C. § 636(b). Having carefully considered this motion, the response and reply thereto, the court file and applicable law, the undersigned recommends:

    (a) that Defendant's Motion for Attorneys' Fees and Costs be DENIED; and

    (b) that Defendant's Verified Motion to Tax Cost be GRANTED in the amount of $2,026.70 as reasonable, statutorily permissible costs incurred in this litigation.

## PROCEDURAL HISTORY

On November 8, 2010, Lavern Deer ("plaintiff") filed her Second Amended Complaint[1] alleging that defendant engaged in unlawful discriminatory employment practices and policies in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et. seq., and 42 U.S.C. §§ 1981 and 1988. Plaintiff's complaint alleged that defendant's discriminatory practices included: (1) failure to promote on the basis of her race or color (African American); (2) creating a racially hostile work environment by deliberately falsifying disciplinary reports and selective enforcement of its internal policies; and (3) retaliating against plaintiff after she filed a claim with the Equal Employment Opportunity Commission ("EEOC") regarding this alleged discrimination. Plaintiff also alleged a claim for intentional infliction of emotional distress arising our of this alleged discrimination. Based on these and other allegations, plaintiff sought declaratory, injunctive and compensatory relief, as well as punitive damages and attorneys' fees and costs.

On November 18, 2010, defendant moved to dismiss the Second Amended Complaint for failure to comply with Rules 10(b) 8(2)(a) of the Federal Rules of Civil Procedure, exceeding the scope of plaintiff's EEOC charge of discrimination, and failure to state claims for retaliation and intentional infliction of emotional distress. On December 8, 2010, plaintiff filed a response to defendant's motion to dismiss which included, in the alternative, a motion for leave to amend the Second Amended Complaint.

---

[1] Plaintiff's Second Amended Complaint was filed after the Court's dismissal of plaintiffs Euwan Grant, Stephanie Raines, Lisa Riley and Kennyal Webber from this case without prejudice. See August 29, 2010 Order (D.E. 10).

2

On December 10, 2010, defendant filed a motion for sanctions under Fed.R.CivP. 11 for filing the Second Amended Complaint arguing that this complaint is frivolous. Specifically, defendant continued to argue that Counts I and II exceeded the scope of the EEOC charge and that plaintiff's claims for hostile work environment and intentional infliction of emotional distress failed to allege sufficient facts. On April 20, 2011, the Court adopted the April 1, 2011 Report and Recommendation of Magistrate Judge John O' Sullivan which found that defendants were entitled to a monetary sanction in the amount of $900.00, representing a fair and reasonable attorney's fees pursuant to Fed.R.Civ.P. 11(b)(2) for failing to timely correct the allegations in Counts I and II which fell outside the scope of the EEOC charge.

On December 13, 2010, plaintiff moved to voluntarily dismiss her claim for intentional infliction of emotional distress (Count III) which was granted by this Court on December 14, 2010. See Order of Dismissal (D.E. 18). On December 21, 2010, the Court granted plaintiff leave to amend her Second Amended Complaint and denied defendant's motion to dismiss as moot. See D.E. 22.

On February 10, 2011, plaintiff filed her Third Amended Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq.; 42 U.S.C. §§ 1981 and 1988, alleging claims for race discrimination (Count I) and retaliation (Count II). Essentially, plaintiff alleged that defendant discriminated against her by failing to promote her to Director of Clinical Services and by filling the position with a white applicant. Plaintiff further contended that defendant retaliated against her for filing a claim with the EEOC and ultimately terminating her employment. In response, defendant filed its answer and affirmative defenses, essentially denying the Complaint's allegations and raising several

3

affirmative defenses.

Defendant filed a motion for summary judgment on April 13, 2011. As to plaintiff's first count of racial discrimination, defendant claimed that plaintiff failed to establish a *prima facie* case of discrimination and failed to demonstrate that defendant's non-discriminatory reasons for its actions were pretextual. As to plaintiff's claim of retaliation, defendant asserted non-discriminatory reasons for actions taken regarding the plaintiff. Accordingly, defendant asserted that summary judgment was appropriate.

On July 8, 2011, United States District Court Judge Paul C. Huck issued an order granting defendant's motion for summary judgment. As to plaintiff's racial discrimination claim for failure to promote, Judge Huck found that plaintiff failed to establish a *prima facie* case of racial discrimination in that she offered no evidence in support of her claim that she was objectively qualified for the Director of Clinical Services position. With respect to plaintiff's retaliation claim, Judge Huck found that plaintiff presented evidence to support her *prima facie* case with respect to certain portions of her retaliation claim. However, this evidence was insufficient to create an issue of fact in view of the legitimate, non-discriminatory reasons presented by defendant for its actions and plaintiff's failure to raise material issues of fact as to whether such reasons were pretextual. As such, Judge Huck found that defendant was entitled to summary judgement on both claims. Final judgment was also entered in favor of defendant on July 8, 2011.

On August 24, 2011, defendant, as the prevailing party, filed the instant motion for attorneys' fees and costs pursuant to Title VII, 28 U.S.C. §1927, Fed.R.Civ.P. 54 and 28 U.S.C. § 1920 raising the issues discussed below.

## ANALYSIS

### A. Defendant's Motion for Attorneys' Fees and Costs

Defendant argues that it is entitled to an award of attorneys' fees in the amount of $48,769.16 and its costs in the amount of $1,059.83 as the prevailing party in the litigation pursuant to Title VII, 42 U.S.C. §2000(e)-5(k) and under 28 U.S.C. § 1927. In support, defendant contends that a prevailing defendant may be awarded attorneys' fees upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. See Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir. 1987) (*quoting* Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978)). Based upon factors articulated in Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1885), defendant argues that plaintiff's case was frivolous because: (1) plaintiff failed to establish a *prima facie* case of race discrimination and most of her retaliation claims; (2) neither plaintiff nor her attorney sufficiently investigated this case as evidenced by the lack of discovery and the failure to allow the EEOC to fully investigate the claims; (3) plaintiff failed to consider the evidence supporting defendant's defenses; (4) defendant never offered to settle the case; and (5) the court dismissed the case on summary judgment prior to trial. As such, defendant argues that it is entitled to an award of its reasonable attorneys' fees.

Plaintiff argues that her claims were not frivolous, unreasonable, or without foundation, although she ultimately did not prevail. She further maintains that this action was filed and litigated in good faith. In support, plaintiff argues that her claims were supported by her own testimony and that her allegations were substantiated by several

5

EEOC complaints filed by other black employees of defendant who were also terminated or demoted.

The award of reasonable attorneys' fees in the instant case is governed by the provisions of 42 U.S.C. § 1988. The statute expresses a clear intent to provide for an award of a reasonable attorney's fee to the prevailing party as part of the taxable costs in a suit brought under any of the specified civil rights statutes. The statute states in pertinent part that:

> In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. Congress expressly conferred upon the court broad discretion when making a determination as to fees. Although the language of the statute does not differentiate between a prevailing plaintiff and defendant, "the Courts have determined that the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion." Tufaro v. Willie, 756 F. Supp. 556, 558 (S.D. Fla. 1991). In Christianburg Garment Co. v. EEOC, the Supreme Court established the relevant standard by stating: "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. 412, 422, 98 S.Ct. 694, 700 (1978). In addition, the Court cautioned:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation....To take the further step of assessing attorney's fees against plaintiffs simply

6

> because they do not finally prevail would substantially undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.

Id. at 421-422.

The Eleventh Circuit reaffirmed the Christianburg Garment standard and held that a district court may, in its discretion, award attorney's fees to a prevailing defendant only upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation. Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1188-1189 (11th Cir. 1985); see also, Popham v. City of Kennesaw, 820 F.2d 1570 (11th Cir. 1987).  Further, the Eleventh Circuit determined that in deciding whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Id. at 1189. In addition, the court in Sullivan outlined three factors to consider in determining whether a claim is frivolous so as to warrant an award of attorney's fees to a defendant:

> (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

773 F.2d at 1189.  However, the court cautioned that these factors are only general guidelines, and that determinations regarding frivolity are to be made on a case-by-case basis. Id.

Applying this criteria here, the undersigned finds that although plaintiff did not ultimately prevail, her claim was not frivolous, groundless, or without any foundation so as to warrant defendant's claim for attorneys' fees. While it is clear that the Court's summary judgment decision is amply supported by the record, the undersigned finds that it cannot

7

be said that an objective examiner would find plaintiff's claim so patently devoid of merit as to be frivolous.

In granting summary judgment in favor of defendant, the Court analyzed plaintiff's two claims under the McDonnell Douglas[2] framework. According to this framework, the plaintiff must first establish a *prima facie* claim of discrimination. Then the burden shifts to the defendant to supply a legitimate, non-discriminatory reason for the employment action, after which the plaintiff must rebut the explanation provided by the defendant as a pretext for discriminatory action. Based upon this framework, Judge Huck found that plaintiff had not met her burden of establishing a *prima facie* case of racial discrimination for failure to promote in that she offered no evidence to support her claim that she was objectively qualified for the Director of Clinical Services position because she did not possess the requisite Registered Nurse degree. As to plaintiff's retaliation claim, Judge Huck found that plaintiff had not presented evidence to support a *prima facie* case of retaliation for the adverse action that occurred prior to March 9, 2010, the date defendant became aware of plaintiff's EEOC claim. However, Judge Huck went on to find that plaintiff had establish a *prima facie* case of retaliation for her March 23, 2010 performance warning and her subsequent termination on March 24, 2010. Nevertheless, this evidence was insufficient to create an issue of fact in view of the legitimate, non-discriminatory reasons presented by defendant for its actions and plaintiff's failure to raise material issues of fact as to whether such reasons were pretextual. Thus, plaintiff did meet her burden of establishing a *prima facie* case with respect to at least a portion of her retaliation claim.

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Cases where findings of frivolity have been sustained typically involved plaintiffs who did not introduce any evidence in support of their claims. <u>Sullivan v. School Board of Pinellas County</u>, 773 F.2d 1182 at 1189. Here, plaintiff did offer evidence in the form of her own affidavit that could have demonstrated racial discrimination and retaliation. Unfortunately, plaintiff failed to take discovery in support of these allegations. While plaintiff's affidavit, standing alone, was clearly insufficient to create issues of fact in support of her claims, the undersigned does not find plaintiff's claims so clearly devoid of merit as to be "frivolous." Significantly, plaintiff's discrimination claims survived defendant's motion to dismiss, *albeit* by plaintiff agreeing to file the Third Amended Complaint. Moreover, the Court's Order Granting Summary Judgment does not indicate that plaintiff's action was frivolous or devoid of merit.

As to the second <u>Sullivan</u> factor, the undersigned notes that there was no monetary offer of settlement prior to the resolution of this case on summary judgment. However, defendant did offer not to seek attorney's fees if plaintiff agreed not to appeal. Thereafter, defendant offered to seek only its costs if plaintiff dismissed her appeal.

Considering the foregoing factors, the undersigned finds that plaintiff's claims were not so frivolous, unreasonable or groundless as to be frivolous. Accordingly, an award of attorney's fees and costs is not appropriate under 42 U.S.C. §2000e-5(k).

Alternatively, defendant requests that attorney's fees and costs be awarded against plaintiff's counsel, Joseph Vredevelt, pursuant to 28 U.S.C. § 1927 which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

> the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In order for attorney's fees and costs to be assessed against counsel pursuant to 28 U.S.C. §1927, three essential requirements must be satisfied:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings.

Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997). There must be a causal connection between the objectionable conduct of the attorney and multiplication of the proceedings. Id. at 1396.

Applying these requirements to the facts of this case, the undersigned finds that Joseph Vredevelt's conduct was not so unreasonable and vexatious as to warrant an award of attorney's fees under §1927. Although Mr. Vredevelt clearly failed to take discovery in this case and was delinquent in the filing of his responses, this Court appears to have accepted each pleading as timely filed. In addition, there is no evidence to suggest that counsel's decision to forego the 180-day EEOC investigation was made in bad faith. Further, the undersigned notes that Mr. Vredevelt was previously sanctioned in the amount of $900.00 for failure to timely correct certain errors.

In summary, the undersigned finds that defendant's alleged actions or inaction by Mr. Vredevelt do not rise to the level of unreasonable or vexatious conduct as required by 28 U.S.C. § 1927. As a result, the undersigned further finds it unnecessary to conduct an analysis of the final two elements of a § 1927 claim.

Accordingly, the undersigned finds that defendant has not met its burden of showing

10

that plaintiff's counsel acted in an unreasonable and vexatious manner as required by 28 U.S.C. § 1927. As such, defendant's request to recover attorney's fees and costs against Joseph Vredevelt should also be denied.

## B. Defendant's Verified Motion to Tax Costs

Defendant requests costs in the amount of $2,026.70 for reimbursement of fees paid to court reporters for plaintiff's deposition and transcripts. Defendant supports its request by submitting invoices documenting this claims expense. See D.E. 76, Exh. 1.

Specific costs which may be awarded to the prevailing party are set forth in Federal Rules of Civil Procedure 54(d) and 28 U.S.C. § 1920. Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under the five headings listed in § 1920 and under Rule 54(d)." Pricipe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

Court reporter fees for transcripts necessarily obtained for use in the case is authorized under 28 U.S.C. § 1920(2). These deposition costs are recoverable if the "depositions appear reasonable at the time they were taken." See Tang How v. Edward J Gerrits, Inc., 756 F.Supp. 1540, 1545-46 (S.D. Fla. 1991), aff'd, 961 F.2d 174 (11th Cir. 1992). In this case, plaintiff's deposition was clearly necessary for defendant's motion for summary judgment. Accordingly, the undersigned finds that defendant is entitled to recover its court reporter fees for deposition transcripts in the amount of $2,026.70.

11

## RECOMMENDATION

For all of the foregoing reasons, the undersigned respectfully recommends:

(a) that Defendant's Motion for Attorneys' Fees and Costs be DENIED; and

(b) that Defendant's Verified Motion to Tax Cost be GRANTED in the amount of $2,026.70 against plaintiff as reasonable, statutorily permissible costs incurred in this litigation.

The parties may serve and file written objects to this Report and Recommendation with the Honorable Paul C. Huck, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 687 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

Respectfully submitted this 20th day of January, 2012 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Paul C. Huck
All counsel of record

12